USCA1 Opinion

 

 January 11, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1795 SHERYL L. VIZVARY, Plaintiff, Appellant, v. GREATER PROVIDENCE DEPOSIT CORPORATION, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Sheryl L. Vizvary on brief pro se. _________________ Patricia K. Rocha and Adler Pollack & Sheehan on brief for _________________ _______________________ appellees. __________________ __________________ Per Curiam. Cheryl L. Vizvary appeals a district court Per Curiam. __________ order denying her request for recusal of the district judge. We dismiss the appeal as moot. Appellant filed a pro se complaint in the United States District Court for the District of Rhode Island in July, 1990, requesting a judicial declaration that certain loan documents executed by her, her husband, and the appellee bank were null and void. The complaint also demanded damages and alleged that appellees' efforts to recover their mortgage loan and other amounts due violated appellant's civil and constitutional rights. Appellees moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. On October 5, 1990, appellant filed a motion for an order permanently restraining appellees from foreclosing on her residence, which was denied on October 18, 1990. During the latter part of 1990, appellant filed a voluntary petition in bankruptcy.1 Thereafter, she commenced an adversary proceeding in the bankruptcy court, objecting to the proof of claim filed by the appellee bank and challenging its mortgage lien on her residence. On April 29, 1992, the bankruptcy judge conducted an evidentiary hearing at which appellant testified, and on May 28, ____________________ 1The record on appeal does not reveal whether appellant's bankruptcy petition was filed before or after October 18, 1990. 2 1992, the bankruptcy court entered its order upholding the validity of various loan documents and the mortgage lien challenged by appellant in the district court action from which the present appeal emanates. Meanwhile, on May 21, 1992, three weeks after the bankruptcy court hearing and one week before the bankruptcy judge's order rejecting her lien and loan document challenges, appellant filed a motion to disqualify the presiding judge in the district court action. On June 18, 1992, the recusal motion was denied. Upon the filing of appellant's bankruptcy petition in late 1990, the claims and property interests she asserted in the pending district court action became property of the bankrupt estate by operation of law. See Bankruptcy Code 541; 11 U.S.C. ___ 541.2 As a consequence, the parallel adversary proceeding was litigated in the bankruptcy court instead. In due course, three weeks before the district court acted on appellant's recusal motion, the bankruptcy court order dismissing appellant's objec- tions to the bank's proof of claim and upholding its mortgage lien became final. Thus, the issues and claims initially raised in the pending district court action were barred under the doctrines of issue and claim preclusion. ____________________ 2At a status conference on February 25, 1991, the district court duly noted: "Pltf has filed bankruptcy petition. Deft. has filed m/dismiss in bankruptcy proceedings and will be filing m/dismiss in this case after hearing in bankruptcy Court (probably late March)." The record on appeal thus discloses that appellant lacked standing to prosecute the claims pending in the district court action below. 3 As the bankruptcy court order adjudicating appellant's claims in the parallel adversary proceeding became final prior to any district court action on the recusal motion, the order appealed from is moot. Appeal dismissed. ________________ 4